REQUESTED BY: Dear Senator:
In your letter of February 11, 1977, you ask our opinion as to the constitutional validity of LB 373. This bill would amend section 45-335, R.R.S. 1943, by amending subsection (5) thereof. Subsection (5) defines the term `installment sale.' As the law now reads, an installment sale must provide for payment of the sale price in one or more installments and within 145 months. LB 373 would amend this subsection by providing that installment contracts for the purchase of mobile homes may exceed the 145 months limitation.
The only constitutional problem we can see with respect to this bill is whether or not it provides for unreasonable class legislation, in violation of Article III, Section 18, of the Nebraska Constitution. We have concluded that it does not.
The Installment Sales Act, sections 45-334 to 45-353, deals with installment sales of personal property. Subsection (1) of section 45-335 provides that goods shall mean all personal property except money or things in action, and shall include goods which, at the time of sale or subsequently are so affixed to realty as to become a part thereof whether or not severable therefrom. This definition would, of course, include mobile homes. The proposed amendment would not eliminate mobile homes from the definition of `goods,' and installment sales of mobile homes would still be subject to the Installment Sales Act. However, installment sales of mobile homes could provide for repayment of the purchase price in more than 145 months, while all other installment sales subject to the act would be required to provide for repayment in not more than 145 months.
The rules with respect to proper and improper class legislation have been frequently stated by our Supreme Court. In Bridgeford v. U-Haul Company, 195 Neb. 308,238 N.W.2d 443 (1976), the court said:
 ". . . An excellent discussion with reference to the problem of classification under the equal protection clause not involving suspect classifications or fundamental rights,' is found in Schwartz, Constitutional Law (1972), § 153, p. 289, where that authority states: `Judicial review determines only whether there was a reasonable basis for the particular classification, from the point of view of the legislators who adopted it. The test is whether legislators could in reason have acted upon the classification. A classification having some reasonable basis does not offend merely because it is not made with mathematical nicety. We have to consider not whether the legislator acted with the exactness of a geometric equation, but only whether, though the law bear hard upon some particular class, the class itself is differentiated upon some rational basis. Judicial review of classifications is not exercise in logical abstractions. Legislatures are presumed to have acted within their constitutional power despite the fact that their laws result in some inequality."
 See, also, Botsch v. Reisdorff, 193 Neb. 165, 226 N.W.2d 121 (1975).
Appraised in the light dictated by the Nebraska Supreme Court, we certainly cannot say that no rational basis exists for differentiating in this manner between the installment sales of mobile homes and the installment sales of other types of personal property. We do not know all of the considerations which the Legislature may have in mind in considering this bill, but some occur to us. In the first place, the purchase price of a mobile home is likely to be higher than the purchase price of most other types of personal property which would be bought under an installment sales contract. This might, in the view of the Legislature, indicate the necessity for a longer period of time in which to pay the purchase price. It is true, of course, that sometimes the purchase price of other types of personal property might be greater than that for a mobile home. But, as the above quotation from Bridgeford indicates, the classification need not be made with mathematical nicety.
Furthermore, the Legislature may be taking into consideration the fact that other types of homes are usually purchased subject to a real estate mortgage, which often provides for repayment over a period of much more than 145 months. The Legislature may be attempting to make the purchase of a mobile home comparable to the purchase of a conventional home, while still leaving the purchase subject to the Installment Sales Act. We cannot say that such considerations are wholly irrational. We are therefore of the opinion that the classification made by LB 373 can be sustained in the courts.